Under both the 5th and 6th Amendments to the United States Constitution, any fact necessary to punishment must be alleged in the indictment and proven to a jury beyond a reasonable doubt. In United States v. Covey v. Sandoval, this Court recognized that in the Section 1326 Prosecution, the date of the removal is an essential element to increase the maximum sentence from 2 years to either 10 years or 20 years in custody. The government alleged no date of deportation in this case, and thus the maximum penalty is 2 years in custody. Because the District Court judge enhanced the sentence to well beyond the statutory maximum, we committed structural error. In Covey v. Sandoval, 463 Fed 3rd 1098, this Court specifically found that the fact of an alien's prior removal or departure is plainly one of the elements of the crime. Counsel, could you help me out on what evidence was presented to the jury on this matter? Your Honor, this was a case where Mr. Labra-Morales pled straight without a plea agreement. Oh, okay. So he pled to it and then the Court made the enhancements? Yes, Your Honor. Okay. There was no jury trial? There was not, Your Honor. Okay. One of the interesting aspects of that is when Mr. Labra-Morales pled guilty, at no time did the government, even at that stage, say what the date of deportation was. And the fact that sentencing never advocated a date of deportation and Judge Moskowitz never found a date of deportation in this case. But stepping back a minute and going back to the problems with the indictment in this case, since Apprendi it's been clear that the indictment must contain an exception to that which is legally essential to the punishment to be. But prior convictions, are you saying that prior convictions, the prior conviction exception doesn't apply? It doesn't in this case, Your Honor. And Kovi and Sandoval did a nice job of really explaining that. The past cases, like the cases relied upon by the government, Castillo, Rivera, and Lopez, deal with a package deal of when you're challenging the date of deportation in the context of the prior conviction. But Kovi and Sandoval makes clear it's just the date of deportation, and that's all that's being argued in this case. Okay. Why isn't this harmless error? Your Honor, it's not harmless error because it has to do with a failure to allege it in the indictment. As the Ninth Circuit found in the United States v. DuBose, if the indictment fails to allege an essential fact and the defendant objects to it timely, then the error is structural error and reversible per se. So when was the objection to the indictment made? Well, Your Honor, the objection was made prior to the sentencing hearing. As is clear from the face of the indictment, the maximum penalty was two years in custody and one year of supervised release. It wasn't until sentencing that the government indicated that it was going to be moving to enhance the sentence, which is also one of the key functions of your Fifth Amendment right to an indictment is notice. And there was obviously no notice in this case because there was no indication of what deportation they had relied upon. When the defendant pled guilty, what did he admit? That he had been deported. In sequence, he was an alien who had been deported, who reentered without permission. The government consented on the record that they believed that that was a sufficient factual basis for the guilty plea. And I will say it wouldn't cure the fact that it wasn't in the indictment, but even at a later stage in the proceedings, the government never said, oh, and by the way, here's something else that's important. And that's significant as well because as this Court has said in cases like Jordan and Banuelos, which fairly wasn't a case I cited in my brief, this Court has made it clear that at a minimum, you have to look to what was admitted at the time of the guilty plea or at the trial itself. And there was no evidence in this case. What about the failure to object to the PSR determination that he was deported after the 1983 conviction, child molestation conviction? Why doesn't that make this harmless error? Because, Your Honor, there was an objection in this case, not to the date of deportation itself, but to the reliance in this case. In the objections to the pre-sentence report, which is page 29 of the record, Mr. Walden-Rallis objected that the indictment didn't contain the allegation that he had been deported and that he had been deported after sustaining a conviction. Right. But, counsel, that's relevant if he's challenging his conviction. But here he's challenging his sentence. So what case authority supports your argument that when there's a challenge to the sentence, failure to include an element in the indictment is fatal? What case talks about that in the sentencing context? In the sentencing context, Your Honor, there's United States v. Cotton. That case is different. It was a Supreme Court case, and it was a plain error challenge, and the Supreme Court obviously found that it could be waived if you never raised the issue. The issue of what the statutory maximum in this case is was relevant at the time Mr. Walden-Rallis pled guilty. The fact that he pled guilty to was a maximum of two years in custody. Again, it wasn't until sentencing that the government moved to enhance the sentence, and they did that. Right. But my question to you was what case says that the indictment, the allegations in the indictment come into play at that point? Well, Your Honor, I think just Cotton, Apprendi, and DuBose, it's, you know. Those all talk about convictions, right? Exactly, Your Honor. But Wacuenko makes clear that the elements, whether you call them sentencing factors or whatever we call them, all have to be part of the constitutionally sufficient standards, and that means. We're at plain error. We're at plain error at this point. If it were, you know, if those facts were not challenged in the PSR, aren't we at plain error? We're not, Your Honor, for a couple of reasons. The first thing is this, and the most important thing is the element of the deportation that the government relied upon is not in. We don't know which deportation, if any, they relied upon in front of the grand jury. Well, all of them were post-conviction, so does it matter? It does matter, Your Honor, because all a petite jury can do or all you can do during a guilty plea is ratify what the grand jury found. If the grand jury relied on one deportation and Mr. Labram-Rallis had admitted to a separate deportation, that wouldn't be sufficient to enhance him under 1326B because it would have to be the exact same deportation, and we don't have that in this case, and we don't have this in the case because the government ---- And there was no obligation for the prosecutor to even put on evidence of that because it's a different procedural posture. I disagree, Your Honor, in the sense that ---- I mean, the first issue is this. It should have been in the indictment, and even if you reject that argument, at a minimum, at the time of the guilty plea, the government should have said, here's the deportation we're relying upon, but that didn't happen. It didn't happen at the guilty plea. It didn't happen before sentencing, and it didn't happen after sentencing. Well, this Court routinely strikes that enhancement when the government puts it in the indictment, so ---- Your Honor, this isn't a case where we were asking for them to allege 1326B and the indictment. What the indictment should have contained, as Covey and Sandoval make clear, is the date of deportation that the government was relying upon. They didn't do that. The failure to do that violated Mr. Labram-Rallis' fitness rights to notice, to presentment, and to a finding beyond a reasonable doubt of the date of deportation. We don't have that in this case because the government indicates improperly. But that doesn't address the harmless error point. That's the problem. Well, Your Honor, in the context of the harmless error, I will not ---- Or plain error, whichever. Well, Your Honor, I wouldn't put it ---- I don't believe this is a plain error case because there was an injection at the time of sentencing. Also, during the plea call between Mr. Labram-Rallis, Mr. Labram-Rallis made clear that his position was the maximum penalty was two years in custody and one year of supervised release. Didn't you or didn't counsel argue for a 24- to 30-month sentence? Your Honor, consistently counsel argued for a 24-month sentence, which was the statutory maximum. At sentencing, after the district court judge overruled all of the objections, that's when counsel said, well, if all the objections are overruled, then 24 or even 30, which would be a pretty standard sentence in our district. So you wouldn't consider it a concession that the 16-point enhancement was proper? No, not at all. I would not. I don't concede that either from a guideline standpoint or a statutory standpoint because, one, the date of deportation wasn't the indictment. But even more important in this case is there was never an admission to a date of deportation and the judge never found a date of deportation. On the record, what Judge Moskowitz ---- What did the judge find to impose the enhancement? This is what he said on page 54. Okay, here's how I come out. First, it's a base offense level. Doing the guidelines first, it's a base offense level 8 plus 16 because he's got a prior felony of violence. Did the court incorporate the findings of the PSR? No, he did overrule my objections, though. So he never incorporated the contents of the pre-sentence report? Your Honor, I don't believe so. I have eight seconds left. If I can reserve, I can answer that question for you. Thank you. Thank you. Good morning, Your Honor. Solana Caldito for the United States. The United States is conceding that there is an error in this case, and it's the same error that was in Covian-Sandoval as well as the Peda-Martinez. And in those instances, actually in Covian-Sandoval, they applied the plain error test. We are arguing that there is harmless error here for the same reasons why the court found that there was plain error in Covian. The defendant, or Mr. Labramorales, failed to object to the PSR. The PSR included three dates of removal, 1986, 1992, and 2005, all of which, as Judge Rawlinson pointed out, were after his 1983 conviction for lewd act with a minor. Those are all after it doesn't matter whether or not there was another deportation out there earlier to the conviction that the defendant possibly was admitting to at the time he was admitting in the plea colloquy because all three that he admitted to, essentially because he didn't object to the PSR, basically is after the aggravated felony conviction. Did the district court incorporate the contents of the PSR? He was he did look into the PSR. I don't know if he made I don't believe in the sentencing transcript that he was relying solely on the PSR. But what defense or what Mr. Ellis was alluding to is that or what Your Honor was alluding to is that even though the defendant did not admit to it and even though the judge did not specifically find this particular date, he doesn't have to make a factual finding or a particular finding in the record when the defendant doesn't oppose or dispute the fact in the PSR. That's what happened here. The case authority says that if the judge does not incorporate the findings of the PSR and the defendant fails to object that that fact is found by implication. It's an uncontested It wasn't so much that he doesn't incorporate the PSR, but under United States v. Romero-Randon, an uncontested pre-sentence report also qualifies as a proper source of judicially noticeable facts. But if the court doesn't judicially notice, where does that leave us? Well, the only evidence before the court was the PSR. The fact that it stated the three removals after the ivory felling conviction as well as the defendant's admission or not objecting to the PSR. Usually the court will say I've considered the PSR, I've considered the arguments of counsel. None of that was done in this case? I'm sure it was. I'm just trying to look for it really quick. Well, you don't have to spend your time looking for it. If you don't know off the top of your head, you'll find it. I'm sorry. As I was talking about, the same situation, Colby and Sandoval and Zepeda-Martinez is the same situation that we have here. The defendant failed to object in under 32I3A criminal procedure. A sentencing court may accept an undisputed portion of the pre-sentence report as a finding of fact. And so given that all three removals in the PSR were after his ivory felony conviction and the defendant did not dispute that at the time of sentencing, then there was no harmless error. It's the same situation as in Colby and Sandoval and Zepeda-Martinez. And as to his structural error argument, he cites to DuBose and even to Cotton, but it's the government's contention that U.S. v. Cotton overruled United States v. DuBose. And the case cited by the government in its brief, United States v. Nutter, an instruction that omits an element to an offense, the Supreme Court stated that that is not structural error. It does not make any sense to treat an element omitted from an indictment different from an element omitted from a jury instruction to a trial. So therefore, it is the government's position that harmless error applies. And in this case, the error was harmless given the fact that all three removals were after his ivory felony conviction and the defendant did not dispute that. Are there any other questions by the Court? Thank you. Thank you, Your Honor.  Thank you, Your Honor. For starters, to answer your question, Judge Rawlinson, just looking through the record briefly, I didn't see the district court adopting the pre-sentence report, but that was a fairly quick review. The two points I really have is one is that the government's last point was, well, if you cannot submit a factor to a petite jury and that's subject to harmless error, then obviously forgetting to submit an element to the grand jury should also be harmless error. But we know that petite juries are different because as the Supreme Court found in Requenco, if a defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other constitutional errors that may have occurred are subject to harmless error analysis. Those protections aren't present in the grand jury, and that was what makes the grand jury different. Now, the sentencing hearing is too late. That's the second point. The sentencing hearing is too late to find that, well, the probation report said there was three removals. That's exactly what this Court disagreed with in Covey and Sandoval. It specifically found that the judge erred in relying on a deportation or a removal that was listed in the probation report. At a minimum, if you don't believe that this is structural error, it's still harmless error. There is zero evidence in the record of an actual deportation removal. This isn't in the context of Zepeda-Martinez, where at a minimum of sentencing the government submitted sentencing documents to prove that there was a deportation proceeding and that the defendant was actually removed from the United States. We don't have that in this case. So even if you reject all my other arguments at a minimum, it's just not here in this case. And based on all the facts, the statutory maximum was 24 months in custody and one year supervised release. Because he was sentenced to more than that, the error in this case was structural. Thank you. The matter is submitted. Thank you. We'll move on to the United States versus Campos-Riddle.
judges: Pregerson, Rawlinson, Sandoval